UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LEAH McCABE,

              Defendant.

**DECISION AND ORDER**
14-CR-161S

1. On September 18, 2014, Defendant Leah McCabe pleaded guilty to a one-count Information charging her with violating 21 U.S.C. § 846 by conspiring to manufacture 50 grams or more of a mixture and substance containing methamphetamine. (Docket Nos. 18, 19.) Approximately four months later, on January 14, 2015, this Court sentenced Defendant to a term of imprisonment of one year and one day, and imposed two years of supervised release. (Docket Nos. 26, 29.)

2. On January 9, 2017, after Defendant served her term of imprisonment and while she was on supervised release, the United States Probation Office submitted a Petition for Offender Under Supervision, in which it alleged that Defendant violated the terms of her supervised release in multiple ways, including that she was again involved in a conspiracy to manufacture methamphetamine. (Docket No. 31.) Several weeks later, the Probation Office submitted an Amended Petition, which added new charges, including that on January 20, 2017, Defendant was charged with criminal possession of stolen property, 4th degree, in violation of New York State Penal Code 135.45, a Class E felony. (Docket No. 38.) Defendant was remanded to custody following arraignment on both Petitions. (Docket Nos. 32, 41.)

3. On May 30, 2017, Defendant filed a motion for bail. (Docket No. 44.) Therein, Defendant seeks release from custody on the basis that she was granted bail in her state case, that she is not a flight risk, and that she needs to care for her two children because her husband is also incarcerated. The government opposes Defendant's motion. (Docket No. 46.) For the following reasons, Defendant's motion is denied.

4. In supervised release proceedings, custody is governed by Rule 32.1 of the Federal Rules of Criminal Procedure. That rule states that a defendant may be released or detained under 18 U.S.C. § 3143 (a)(1) pending further proceedings. <u>See</u> Rule 32.1 (a)(6). Eighteen U.S.C. § 3143 (a)(1), in turn, requires that the court "order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the [court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c)." By rule, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Rule 32.1 (a)(6).

5. Here, although it appears that Defendant is not a flight risk, she has failed to carry her burden of establishing by clear and convincing evidence that she does not pose a danger to the community.

6. First, the allegations in the Amended Petition concern serious criminal conduct. Charge 1 alleges that Defendant has been indicted for participating in a conspiracy to manufacture methamphetamine between June 2 and November 17, 2016. In particular, a search of Defendant's residence revealed a working methamphetamine lab in a barn on her property and evidence that Defendant made 35 separate purchases of pseudoephedrine, which is used in the production of methamphetamine, from various area pharmacies. According to the government, the barn housing the methamphetamine lab was unsecured, with open access to Defendant's and other area children. Obviously, this conduct poses a serious danger to the community.

7. Second, Charges 6 and 7 of the Amended Petition allege additional criminal conduct: that Defendant was charged with possessing stolen property and falsifying business records, in relation to selling a gold coin to a pawn shop for $850. This continuing criminal conduct demonstrates not only a danger to the community, but an unwillingness to comply with conditions of release.

8. Third, Defendant is charged in the Amended Petition with numerous instances of failing to abide by the conditions of her release, including failing to be truthful with her probation officer, failing to stay away from places where illegal substances are present, and failing to notify her probation officer of contact with law enforcement. This reflects Defendant's inability to comply with her release conditions.

9.      Finally, Defendant's criminal history demonstrates that she is unlikely to change her ways.  In 2014, Defendant operated a methamphetamine lab in the basement of her residence, where her children and elderly grandfather also lived.  And even after her arrest and release for that conduct, Defendant continued to be found with methamphetamine paraphernalia indicative of lab operation while criminal charges were pending against her.  Thus, Defendant has learned nothing from her past experiences, as she continues to place herself, her children, and other family members in harm's way by surrounding them with dangerous illegal drug activity.

10.     Considering all of these circumstances, this Court finds that Defendant's addiction to methamphetamine and her willingness to expose her children and others to the serious dangers of manufacturing methamphetamine make her a danger to the community.  Put simply, nothing before this Court suggests that Defendant, if released on bail with conditions, would stop participating in the use and manufacture of methamphetamine or exposing her children to the many dangers of methamphetamine. Although Defendant understandably wishes to reunite with her children,[1] that desire does not render her any less a danger to the community.  Consequently, Defendant's motion for bail will be denied and her detention will be continued.

IT HEREBY IS ORDERED, that Defendant's Motion for Bail (Docket No. 44) is DENIED.

---

[1] Defendant's children are currently being cared for by their paternal grandparents.

FURTHER, that Defendant's detention is maintained.

SO ORDERED.

Dated: July 6, 2017
        Buffalo, New York

                                                  <u>/s/William M. Skretny</u>
                                                  WILLIAM M. SKRETNY
                                              United States District Court